1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

UNITED STATES OF AMERICA                    B-09-CR-1005

VS.                                         September 29, 2009
                                            Brownsville, Texas
                                            11:22 a.m.

GERONIMO SALVADO SANTOS-NUEZ
        Defendant

RE-ARRAIGNMENT

BEFORE THE HONORABLE RONALD MORGAN

UNITED STATE MAGISTRATE JUDGE

APPEARANCES

For the United States              Bill Hagen, AUSA
                                   U. S. Attorney's Office
                                   600 E. Harrison
                                   Suite 201
                                   Brownsville, Texas 78520
                                   956.548.2554

For the Defendant                  Rudy Rodriguez, AFPD
                                   Assistant Federal Public
                                       Defender
                                   600 E. Harrison
                                   Suite 102
                                   Brownsville, Texas 78520
                                   956.548.2573

Court Clerk                        Linda Garcia

Interpreter                        Sandra Cortez

Proceedings from official electronic sound recording;
transcript produced by court approved transcriber.

DIGITAL SCROLL TRANSCRIPTION                    281.648.0248

2

Electronic Recording Operator        Rita Nieto
1                                     600 E. Harrison
                                      Suite 101
2                                     Brownsville, Texas 78520

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Proceedings through Interpreter.)

2              THE COURT:  Good morning.

3              MR. HAGEN:  Good morning.

4              MR. RODRIGUEZ:  Good morning,

5              THE COURT:  Let's call B-09-1005, the United States

6    versus Geronimo Salvador Santos-Nunez.

7              MR. RODRIGUEZ:  Rudy Rodriguez for Mr. Santos-Nuez,

8    Your Honor.

9              MR. HAGEN:  Bill Hagen appearing on behalf of Angel

10   Castro for the Government.  Good morning, Your Honor.

11             THE COURT:  Mr. Rodriguez.

12             THE CLERK:  Please raise your right hand.

13       (Defendant sworn.)

14             DEFENDANT SANTOS-NUEZ:  Yes.

15             THE COURT:  Sir, what is your full name?

16             DEFENDANT SANTOS-NUEZ:  Geronimo Salvador Santos-

17   Nunez.

18             THE COURT:  And is it – Salvador, is that your

19   father's name?

20             DEFENDANT SANTOS-NUEZ:  Santos.

21             THE COURT:  Santos?  Okay.  All right.  Mr. Santos,

22   you've just taken an oath to tell the truth.  What that means

23   is that if during these proceedings at any time you tell me

24   something which is not true, then you can be violated for

25   violating the laws of perjury, that is, prosecuted for

1  violating the laws of perjury.  Do you understand that, sir?

2          DEFENDANT SANTOS-NUEZ:  Yes, sir.

3          THE COURT:  All right.  What that means is you just

4  tell me the truth during the whole proceeding, and there won't

5  be any problems.

6              Now, Mr. Santos, how old are you, sir?

7          DEFENDANT SANTOS-NUEZ:  Thirty-four.

8          THE COURT:  How far did you go in school?

9          DEFENDANT SANTOS-NUEZ:  Twelfth.

10          THE COURT:  Let me back up just for one second, Mr.

11  Santos.  Do you understand the law of perjury as I explained

12  it to you?

13          DEFENDANT SANTOS-NUEZ:  Yes.

14          THE COURT:  All right.  So, do you read and write

15  English?

16          DEFENDANT SANTOS-NUEZ:  No.

17          THE COURT:  Okay.  Do you read and write Spanish?

18          DEFENDANT SANTOS-NUEZ:  Yes.

19          THE COURT:  Is Spanish your primary language?

20          DEFENDANT SANTOS-NUEZ:  Yes.

21          THE COURT:  Do you understand everything the court

22  interpreter is telling you through the headphones?

23          DEFENDANT SANTOS-NUEZ:  Yes.

24          THE COURT:  All right.  During these proceedings if

25  at any time you have any questions because you can't hear what

DIGITAL SCROLL TRANSCRIPTION                    281.648.0248

1    the court interpreter says, or you didn't understand something

2    that she says, what I want you to do is to raise your hand so

3    that I can get that clarified for you; do you understand that?

4                DEFENDANT SANTOS-NUEZ:  Yes, sir.

5                THE COURT:  All right.  Now, Mr. Santos have you ever

6    been in a mental institution and treated for a mental illness

7    of any sort?

8                DEFENDANT SANTOS-NUEZ:  No, sir.

9                THE COURT:  Are you taking any medication or are you

10   under the influence of anything today that would affect your

11   ability to understand what's going on?

12               DEFENDANT SANTOS-NUEZ:  I'm taking medication for

13   blood pressure, but I'm not taking it right now.

14               THE COURT:  Okay.  But does that blood pressure

15   medicine affect your ability to understand what's going on?

16               DEFENDANT SANTOS-NUEZ:  Oh, no, not pressure,

17   depression.

18               THE COURT:  Okay.

19               MR. RODRIGUEZ:  Depression.

20               DEFENDANT SANTOS-NUEZ:  Depression.

21               THE COURT:  Depression.  Okay.

22               DEFENDANT SANTOS-NUEZ:  I'm not taking it anymore.

23               THE COURT:  Okay.  So you're not taking anything that

24   would affect your ability to understand what's going on; is

25   that true?

DIGITAL SCROLL TRANSCRIPTION                              281.648.0248

6

1        DEFENDANT SANTOS-NUEZ:  No.

2        THE COURT:  All right.  What medications are you

3 taking today, Mr. Santos?

4        DEFENDANT SANTOS-NUEZ:  None.

5        THE COURT:  All right.  Are you under the influence

6 of anything – drugs, alcohol or medication – that would affect

7 your ability to understand what's going on here this morning?

8        DEFENDANT SANTOS-NUEZ:  No, none.

9        THE COURT:  All right.  Mr. Santos, let me explain to

10 you that I am not the judge who will be finding you guilty,

11 and I'm not the judge who will be sentencing you if you are

12 found guilty.  Those two acts will be done by Judge – by the

13 District Court Judge, Judge Tagle.  My role today is to

14 conduct this hearing and if I believe it is warranted to make

15 a recommendation to the District Judge that she accept your

16 guilty plea.

17        Now, I have in front of me a form labeled

18 Consent to Administration of Guilty Plea, in Federal Rule of

19 Criminal Procedure 11, Allocution by United States Magistrate

20 Judge.  And on this form there is a signature.  Can you see

21 this signature from where you're standing, sir?

22        DEFENDANT SANTOS-NUEZ:  Yes, sir.

23        THE COURT:  Is that your signature?

24        DEFENDANT SANTOS-NUEZ:  Yes, sir.

25        THE COURT:  Anyone force you to sign this document?

1            DEFENDANT SANTOS-NUEZ:  No, sir.

2            THE COURT:  Is it your wish that I conduct this

3  hearing this morning?

4            DEFENDANT SANTOS-NUEZ:  Can you repeat that?

5            THE COURT:  Yes.  Do you want me to conduct this

6  hearing this morning?

7            DEFENDANT SANTOS-NUEZ:  Yes.

8            THE COURT:  All right.

9               Now, Mr. Santos, anyone force you to make – to

10  agree to having me conduct this hearing?

11            DEFENDANT SANTOS-NUEZ:  No, sir.

12            THE COURT:  All right.  Mr. Santos, I need to explain

13  some things to you.  Under the rights – or under the laws and

14  Constitution of the United States, you have the right to

15  remain silent, that is, you don't have to say anything about

16  the offenses with which you are charged.  You have the right

17  to plead not guilty and require the Government to prove the

18  charges against you beyond a reasonable doubt.  If you plead

19  guilty, though, you'll have to waive your right to remain

20  silent, because I have to assure myself that in fact you've

21  committed the offense with which you are charged.  Do you

22  understand your right to remain silent?

23            DEFENDANT SANTOS-NUEZ:  Yes, sir.

24            THE COURT:  Now, furthermore, you're also entitled to

25  be represented by an attorney at all stages of the

1  proceedings, and if you cannot afford one, one will be

2  appointed for you.  You're appearing here this morning with

3  Mr. Rodriguez.  Is Mr. Rodriguez representing you as your

4  attorney?

5           DEFENDANT SANTOS-NUEZ:  Yes, sir.  He is.

6           THE COURT:  Now, have you met with Mr. Rodriguez?

7           DEFENDANT SANTOS-NUEZ:  Yes, sir.

8           THE COURT:  And has he – have you discussed the

9  charges against you?

10          DEFENDANT SANTOS-NUEZ:  I have spoken to him enough

11  to understand the charge.

12          THE COURT:  All right.  And are you satisfied with

13  Mr. Rodriguez' help in this case?

14          DEFENDANT SANTOS-NUEZ:  Yes, sir.

15          THE COURT:  Now, Mr. Santos, as I explained, you have

16  the right to plead not guilty.  And you have a right to have a

17  trial by jury on the charges against you.  And at that trial,

18  the Government would have to prove the charges against you

19  beyond a reasonable doubt, and you're entitled to that trial

20  even if you are guilty.  Now, at that trial you would be

21  presumed innocent.  Do you understand that?

22          DEFENDANT SANTOS-NUEZ:  Yes, sir.

23          THE COURT:  All right.  At that trial, the Government

24  would have to bring in witnesses into court who would come in

25  and testify in front of you and look you in the eye and be

1  subject to cross-examination by your attorney.  Your lawyer

2  has the right to object to the evidence presented by the

3  Government, your attorney could present evidence in your

4  defense if you want to, but he doesn't have – you don't have

5  to present any evidence.  And if you choose not to present any

6  evidence, that cannot be used against you.  You would have the

7  right to have witnesses be brought into court and testify in

8  your behalf, if there are witnesses out there who have

9  something that you want them to say in your favor.

10            You have the right to testify at trial, but you

11  also have the right not to testify at trial, that is, you can

12  come in, have your trial, sit at the table, not do anything –

13  not present evidence, not say anything.  And those decisions

14  cannot be used against you in any fashion.  In other words,

15  your decision to remain silent, your decision not to present

16  evidence, could not be used to draw a suggestion of guilt

17  against you.  Do you understand that?

18            DEFENDANT SANTOS-NUEZ:  Yes.

19            THE COURT:  All right.  Now, if you continue to plead

20  guilty and the Court accepts your plea of guilty, there will

21  be no trial.  The Court would simply enter – well –

22            MR. RODRIGUEZ:  Your Honor, can we allow him to sit

23  down?  He had an accident on his way here.

24            THE COURT:  I was wondering about that – yeah, yeah,

25  Why don't you do that.  Can you lower the –

1          MR. RODRIGUEZ:  Yes, sir.

2          THE COURT:  -- mike so that – I was wondering if

3  there was something when he came in.

4          MR. RODRIGUEZ:  Yes, Your Honor.  He had really

5  injured his leg when he first got arrested, and he had been on

6  crutches.  He finally got rid of the crutches, sir.

7          THE COURT:  All right.  Is that better, Mr. Santos?

8          DEFENDANT SANTOS-NUEZ:  Yes, yes.

9          THE COURT:  All right, you know if there is anything

10  else that presents itself as a problem as we go through these

11  proceedings.  I don't want you to suffer as a result of this.

12          DEFENDANT SANTOS-NUEZ:  Okay.  No.  It's fine.

13          THE COURT:  Now, let me just start back up a little

14  bit and, that is, I told you about what all your rights are,

15  but I want you to understand that if you continue to plead

16  guilty and the Court accepts your plea of guilty there will be

17  no trial.

18          I want you to know that you will waive and give

19  up all the rights we've just discussed.  The Court will simply

20  enter a judgment of guilty and sentence you based upon your

21  guilty plea after considering your pre-sentence report.  And

22  we'll talk about that process in just a minute.

23          Further, by pleading guilty, you are admitting

24  the charges and all of the facts asserted in the charging

25  document.  You are waiving all defenses to the charges and

1  defects in the proceedings.  You are rendering irrelevant all

2  constitutional claims existing before your plea, the entry of

3  your plea, and you are consenting to a binding judgment of

4  conviction and the imposition of an appropriate sentence based

5  just on your guilty plea.  Do you understand that?

6           DEFENDANT SANTOS-NUEZ:  Yes, sir.

7           THE COURT:  All right.  Now, Mr. Santos have you

8  received a – or seen a copy of the charges that have been

9  filed against you?

10          DEFENDANT SANTOS-NUEZ:  Yes, sir.

11          THE COURT:  And have you met with Mr. Rodriguez and

12 has he explained the charges to you?

13          DEFENDANT SANTOS-NUEZ:  Yes, sir.

14          THE COURT:  Do you have any questions about those

15 charges?

16          DEFENDANT SANTOS-NUEZ:  No, sir.

17          THE COURT:  All right.  Let me tell you that you are

18 charged with violating Title 8, United States Code, Section

19 1326(a) and (b), and the nature of the offense there is that

20 number one, you're an alien, that is, a citizen of some

21 country other than the United States; number two, that you

22 were previously convicted of what's called an aggravated

23 felony, that after that aggravated felony you were deported,

24 excluded or removed from the United States, that after that

25 deportation, exclusion or removal, you were found to be back

1   in the United States illegally, that you had not obtained the

2   permission of the Attorney General or the Secretary of the

3   Department of Homeland Security to enter the United States and

4   you had not sought for permission from them to enter.  And –

5   do you understand the nature of the offense with which you

6   have been charged?

7          DEFENDANT SANTOS-NUEZ:  Yes, sir.

8          THE COURT:  Mr. Rodriguez, have you satisfied

9   yourself that Mr. Santos is competent and he understands what

10  he has been charged with?

11         MR. RODRIGUEZ:  Yes, Your Honor.

12         THE COURT:  Has he been able to assist you in his

13  defense and that he understands the nature of the charges and

14  the possible consequences of his plea?

15         MR. RODRIGUEZ:  Yes.  I've already questioned him,

16  Your Honor.

17         THE COURT:  Now, let me tell you, Mr. Santos, that

18  the maximum punishment in your case, if the Government can

19  prove that you were – have a prior conviction for an

20  aggravated felony which preceded your prior deportation,

21  exclusion or removal, the maximum punishment includes twenty

22  years in jail and a $250,000 fine, and a three-year term of

23  supervised release, and a one-hundred dollar special

24  assessment for each count of which you are convicted.  Do you

25  understand the maximum punishment in your case, Mr. Santos?

1        DEFENDANT SANTOS-NUEZ:  Yes, sir.

2        THE COURT:  Now, Mr. Santos, in addition to those

3   consequences of your guilty plea, that is, punishment, there

4   are a couple of others that are called collateral

5   consequences.  And collateral consequences in your case

6   because you are a citizen of some country other than the

7   United States, what's going to happen is as soon as you finish

8   your jail term you should have every expectation that you are

9   going to be deported, excluded or removed from the United

10  States.  The second thing is, that after that, it is a very

11  unlikely, if not an absolute certainty, that you will not be

12  permitted to legally re-enter the United States.  Do you

13  understand those consequences?

14       DEFENDANT SANTOS-NUEZ:  Yes, sir.

15       THE COURT:  All right.  Now, when I told you what

16  your maximum punishment was I told you what a supervised term

17  of release – I used the term supervised release term.  I need

18  to explain to you what that is.

19            A supervised release term is a period of time

20  after serving your sentence of imprisonment when you would be

21  released from jail and there are some special and some

22  mandatory conditions.  If you violate those conditions while

23  your supervised release term is still in effect, you could be

24  sent back to jail for as much as two years, just for violating

25  one of those conditions, without credit for any time that

1   you've already served on supervised release.

2                   Now that sentence to imprisonment – those two

3   years – would be in addition to any other sentence that you

4   receive if your violation of those conditions amounted to a

5   crime.  Let me give you an example.

6                   After you have served your prison time, you will

7   be deported.  And if you came back into the United States

8   illegally, that would violate one of the conditions of your

9   supervised release term.  I can guarantee you that.  And if

10  you were then caught or violating the term of your supervised

11  release, you could go to jail for two years for violating that

12  supervised release term.  But also, you could be sentenced and

13  convicted for illegally re-entering the United States.  So,

14  one act on your part could subject you to two sentences.  Do

15  you understand that, sir?

16                  DEFENDANT SANTOS-NUEZ:  Yes, sir.

17                  THE COURT:  All right.  Now, let me talk briefly

18  about the sentencing guidelines and tell you how that's going

19  to work.  I know that Mr. Rodriguez has met with you and

20  you've talked about the guidelines and he's explained to you

21  where he thinks your case might fall and how the guidelines

22  might apply in your case.

23                  What's going to happen next is the Court will

24  order a pre-sentence investigation.  One of the probation

25  officers will talk to you individually, with your attorney

1  present, and the probation officer will ask you questions

2  about your background, your family history and your criminal

3  history.  All of that information will then be collected and

4  used to arrive at a sentencing score.  That sentencing score

5  then translates to a sentencing range in your case.  All of

6  that information is put into a pre-sentence report.

7           The Court will not be able to determine what

8  your sentencing range actually will be until after the pre-

9  sentence report has been completed and you have had the

10  opportunity to comment upon the report.  You see, once the

11  report's been completed, you and your attorney and the

12  attorney for the Government will have an opportunity to review

13  the report and comment on the report and you and your attorney

14  will have the opportunity to identify anything in the report

15  that you believe is incorrect.  And then if there is a good

16  faith basis for that, at sentencing your attorney can argue

17  what you think is incorrect.

18           Now, once the Court does determine your

19  sentencing guideline range, I want you to understand that the

20  Court has the authority to depart from the advisory

21  guidelines, and the Court could impose a sentence that could

22  be more severe or less severe than what is recommended by the

23  guidelines.  Do you understand that, sir?

24           DEFENDANT SANTOS-NUEZ:  Yes, sir.

25           THE COURT:  Okay.  So you understand how the

1  sentencing guidelines and how the pre-sentence report is going

2  to work and you understand that the Court has the authority to

3  depart; is that correct?

4          DEFENDANT SANTOS-NUEZ:  Yes, sir.

5          THE COURT:  All right.  Mr. Santos, let me just tell

6  you also that the federal – parole has been abolished in the

7  federal system so that if you're sentenced to prison you will

8  not be released early on parole.  Do you understand that?

9          DEFENDANT SANTOS-NUEZ:  Yes, sir.

10          THE COURT:  All right.  Now, Mr. Santos, I've told

11  you what you've been charged with, we've gone through the

12  elements of that offense.  I've explained to you the possible

13  sentence that you could receive, we've talked about your

14  individual rights under the laws and Constitution of the

15  United States.  I've explained to you the fact that by

16  pleading guilty you're waiving lots and lots and lots of

17  issues on appeal.  We've talked about the sentencing

18  guidelines and how they're going to work and the Court's

19  authority to depart from those guidelines after the guideline

20  range is established.  You've indicated that you've understood

21  everything that we've talked about.

22          Now, knowing everything that could happen to

23  you, understanding everything that we've talked about, is it

24  still your wish to plead guilty, Mr. Santos?

25          DEFENDANT SANTOS-NUEZ:  Yes, sir.

1          THE COURT:  Has anyone forced you, or threatened you,

2  or promised you anything in any way, to make you plead guilty

3  this morning?

4          DEFENDANT SANTOS-NUEZ:  No, sir.

5          THE COURT:  All right.  Mr. Santos, do you have any

6  questions for your attorney before we proceed?

7          DEFENDANT SANTOS-NUEZ:  No, sir.

8          THE COURT:  All right.  Mr. Hagen, re-arraign Mr.

9  Santos, please.

10         MR. HAGEN:  Yes, Your Honor.

11             United States District Court, Southern District

12  of Texas, Brownsville Division, Criminal Number B-09-1005,

13  United States of America versus Geronimo Salvador Santos-Nuez

14  - Nuez, Indictment, the Grand Jury charges:  On or about July

15  25, 2009, in the Southern District of Texas, and within the

16  jurisdiction of the Court, Defendant Geronimo Salvador Santos-

17  Nuez, an alien who had previously been denied admission,

18  excluded, deported and removed after having been convicted of

19  an aggravated felony, knowingly and unlawfully was present in

20  the United States, having been found in Cameron County, Texas.

21  The said Defendant having not obtained consent to re-apply for

22  admission into the United States from the Attorney General of

23  the United States and Secretary of Homeland Security, the

24  successor, pursuant to Tile 6, United States Code, Sections

25  2023, 2024, and 557, in violation of Title 8, United States

1   Code, Section 1326(a) and 1326(b), a true bill, signed by the

2   foreperson of the Grand Jury.

3              Mr. Santos, do you understand the Indictment

4   that I've just read to you?

5              DEFENDANT SANTOS-NUEZ:  Yes, sir.

6              MR. HAGEN:  To this Indictment do you plead guilty or

7   do you plead not guilty?

8              DEFENDANT SANTOS-NUEZ:  Guilty.

9              THE COURT:  Now, Mr. Santos, are you pleading guilty

10  freely and voluntarily?

11             DEFENDANT SANTOS-NUEZ:  Yes, sir.

12             THE COURT:  Mr. Santos, I want you to listen very

13  carefully, because the Government is going to say what the

14  facts are in your case.

15             Mr. Hagen.

16             MR. HAGEN:  Your Honor, on July 25, 2009, this

17  Defendant was found in Cameron County, Texas, by Customs and

18  Border Protection agents.  It was determined that he was an

19  alien and a citizen of the Dominican Republic, who had entered

20  the United States illegally.  The Defendant had been

21  previously deported from the United States on June 30, 2008,

22  after having been convicted of the aggravated felony of

23  conspiracy to distribute cocaine on February 1 of 2004.  The

24  Defendant had not received consent of the Attorney General or

25  Secretary of Homeland Security to re-apply for admission into

1    the United States.

2            THE COURT:  Now, Mr. Santos, are those the facts of

3    your case?

4            DEFENDANT SANTOS-NUEZ:  Yes, sir.

5            THE COURT:  Is that what you did?

6            DEFENDANT SANTOS-NUEZ:  Yes, sir.

7            THE COURT:  All right.  Mr. Rodriguez, do you concur

8    those are the facts in Mr. Santos' case?

9            MR. RODRIGUEZ:  Those are the facts, Your Honor.

10           THE COURT:  In that case, Mr. Santos, it is the

11   finding of this Court that you are fully competent and capable

12   of entering an informed plea, that you understand and are

13   aware of the nature of the charges against you and the

14   consequences of your plea, that your plea of guilty is a

15   knowing and voluntary plea supported by an independent basis

16   of fact containing all of the essential elements of the

17   offense.

18           The Court will render preparation of a report

19   and recommendation.  I will send it to Judge Tagle and

20   recommend that you be found guilty and sentenced accordingly.

21           Now, these are the dates that are going to

22   control the future proceedings in your case.  The

23   investigation and preparation of a pre-sentence report shall

24   be completed by the 12th day of November 2009.  Counsel shall

25   file objections in writing to the report, including the

1  alleged facts of the offense and the applicability of the

2  sentencing guidelines by the 27th day of November, 2009.  If

3  there are no objections, a statement to that effect, signed by

4  counsel and the Defendant, shall be submitted.  After further

5  investigation, the pre-sentence officer shall submit a final

6  report by the 10th day of December 2009.  And this case is set

7  for sentencing on the 7th day of January 2010, at one-thirty in

8  the afternoon before Judge Tagle.

9                  Is there anything further that we need to

10 address?

11          MR. HAGEN:  Nothing from the Government, Your Honor.

12          THE COURT:  Have I complied with the requirements of

13 Rule 11, Mr. Hagen?

14          MR. HAGEN:  Yes, Your Honor.  You have.

15          THE COURT:  And Mr. Rodriguez, with respect to Mr.

16 Santos –

17          MR. RODRIGUEZ:  You have, Your Honor.

18          THE COURT:  -- have I complied with the requirements

19 of Rule 11?

20          MR. RODRIGUEZ:  You have, Your Honor.

21          THE COURT:  In that case, we are in recess.  Thank

22 you very much.

23          MR. RODRIGUEZ:  Thank you.

24      (Proceedings concluded at 11:43 a.m.)

25

1                 UNITED STATES DISTRICT COURT

2             FOR THE SOUTHERN DISTRICT OF TEXAS

3                   BROWNSVILLE DIVISION

4

5     I, court approved transcriber, certify that the foregoing

6 is a correct transcript from the official electronic sound

7 recording of the proceedings in the above-entitled matter.

8

9 /s/ Linda Griffin                   March 13, 2010
Digital Scroll Transcription            Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25